UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRED MICHAEL ZELKOWITZ,

        Plaintiff,

    v.

AVANT, LLC and WEBBANK,

        Defendants.

Case No. 25-cv-850-SRN/DLM

**DEFENDANT AVANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

---

Defendant Avant, LLC ("Avant"), through the undersigned counsel, for its Memorandum in Support of its Motion to Dismiss, states as follows:

## I.    INTRODUCTION

Plaintiff Fred Michael Zelkowitz ("Zelkowitz") asserts a one-count complaint ("Complaint") under the Fair Debt Collections Practice Act ("FDCPA") alleging that Avant continued to process "auto-pay" payments on Zelkowitz's account after he allegedly discontinued his enrollment in the auto-pay program. On that allegation alone, Zelkowitz seeks $25 in actual damages (representing the payment that was allegedly credited from his checking account and applied to his outstanding debt) and an inexplicable $100,000 in punitive damages.

The Court should dismiss the Complaint because it lacks any allegation against Avant that could give rise to an FDCPA claim. The factual allegations of the Complaint total five sentences and do not contain any act or omission by Avant that Plaintiff alleges form the basis of his FDCPA claim, the totality of which is insufficient under Rule 8. But

1

even if Zelkowitz met the bare Rule 8 standard, Zelkowitz's allegations fail to state a claim because Avant is not a "debt collector" under the FDCPA, and Zelkowitz has not adequately alleged a violation of a specific provision of the FDCPA. The Complaint should be dismissed, and because no amendment could cure the defects that compel dismissal, the Court should dismiss the Complaint with prejudice.

## II.    THE ALLEGATIONS

Zelkowitz alleges that he obtained an "Avant credit card issued by WebBank" on which he carried a valid outstanding debt. (Compl. ¶ 7.) While that balance was "previously paid on a monthly basis via auto-pay," Zelkowitz alleges that he "discontinued auto-pay" on his Avant account because he lacked sufficient funds. (*Id.*) The Complaint contains no factual detail or explanation of how Zelkowitz allegedly discontinued his auto-pay, or, more critically, when he discontinued his auto-pay. Nevertheless, Zelkowitz alleges that Avant "accessed [his] checking account without authorization and withdrew funds" to timely pay his outstanding balance in February 2025. (*Id.*) On the basis of those manifestly insufficient allegations, Zelkowitz asserts an FDCPA claim against both Avant and WebBank.

## III.    LEGAL STANDARD

Under FED. R. CIV. P. 12(b)(6), pleadings asserting a claim for relief "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant [or third-party

defendant] is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A pleader's obligation to allege the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. Consequently, the federal standard for pleading a claim "demands more than an unadorned the-defendant-harmed-me accusation," and a complaint is deficient if it offers mere "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 555, 557.

## IV.    ARGUMENT

Although the Eighth Circuit has not recognized specific elements to an FDCPA claim, this Court has held that to establish a claim, a plaintiff must plead (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Klein v. Stewart Zlimen & Jungers, Ltd.*, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019) (recognizing elements in line with other Circuits and courts within the Eighth Circuit). Zelkowitz does not, and cannot, plead these elements.

### A.    The Complaint Does Not Contain Sufficient Facts to Meet Rule 8.

Zelkowitz's Complaint should be dismissed because it does not provide sufficient detail to state any claim against Avant. Zelkowitz's sole claim hinges on his allegation that Avant purportedly withdrew funds for his February payment without authorization.

3

(Compl. ¶ 7.) But Zelkowitz's Complaint does not provide even minimal detail necessary to state a claim.

The Complaint does not comply with the pleading requirements of Federal Rule of Civil Procedure 8 and fails to state a claim against Avant. In short, Rule 8 requires that a complaint have "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. Accordingly, dismissal is warranted. *See, e.g., Phox v. Virtuoso Sourcing Grp., LLC*, 2017 WL 4231550, at *2 (W.D. Mo. Sept. 22, 2017) (finding *pro se* FDCPA complaint did not meet Rule 8 requirements*); Lansing v. Wells Fargo Bank*, 2011 WL 6754083, at *1-2 (D. Minn. Dec. 23, 2011) (dismissing claim where plaintiff did not plead any facts regarding default date of a mortgage); *Chong v. Credit Control LLC*, 2023 WL 2346264, at *3 (E.D. Mo. March 3, 2023) (dismissing *pro se* FDCPA complaint where plaintiff "offered nothing more than unsupported assertions and conjecture in support of his claim").

By his own allegations, Zelkowitz was, at least for a period of time, enrolled in auto-pay, and his account was properly debited on a monthly basis. (Compl. ¶ 7.) Though Zelkowitz alleges he discontinued auto-pay, he does not allege *when* it was discontinued. (*Id.*) Zelkowitz states Avant withdrew funds without authorization for his February payment. (*Id.*) But the Complaint and purported "screenshot of Avant website to confirm auto-pay is OFF" do not provide any facts supporting that Zelkowitz turned auto-pay off before his February payment. Thus, even providing Zelkowitz the most liberal interpretation, Avant and the Court are left to guess whether Zelkowitz timely revoked consent to February's auto-pay (he did not).

**B.** **The Complaint Fails to State a Claim Against Avant Because Avant is Not a Debt Collector Under the FDCPA.**

"The FDCPA imposes civil liability only on a 'debt collector,' 15 U.S.C. § 1692k(a), defined as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Nagle v. Little*, 2025 WL 1651104, at *2 (D. Minn. June 11, 2025) (quoting 15 U.S.C. § 1692a(6)). However, expressly excluded from the definition of "debt collector" are the consumer's creditor, assignees of a debt as long as the debt was not in default at the time it was assigned, and critical to Avant, servicers. *See Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1008-09 (D. Minn. 2008) (dismissing FDCPA claim against mortgage servicer because it did not meet the FDCPA's "debt collector" definition); *Glover v. Tigani*, 666 F. Supp. 3d 896, 901-02 (D. Minn. 2023) (dismissing FDCPA claim with prejudice against auto loan servicer because it was not a "debt collector" under the FDCPA); *Russ v. U.S. Dep't of Ed.*, 364 F. Supp. 3d 1009, 1017 (D. Neb. 2018) (dismissing FDCPA claim against student loan servicer because it is not a "debt collector" under the FDCPA). "If a defendant 'is not a debt collector for purposes of the FDCPA, the statute does not apply.'" *Nagle*, 2025 WL 1651104, at *2.

Notwithstanding the fact that Zelkowitz's Complaint does not even allege that Avant is a debt collector, Zelkowitz's FDCPA claim should be dismissed with prejudice because Zelkowitz cannot allege that Avant is a "debt collector" under the FDCPA.

5

Zelkowitz alleges that he has an "Avant credit card issued by WebBank." WebBank is the entity that "issued" his credit card, while Avant is the account servicer and expressly excluded from the definition of "debt collector" under Section 1692(a)(6). Zelkowitz also cannot attempt to characterize Avant as a "debt collector" because the Complaint contains *no* allegations that Avant's principal purpose is to collect debts, that Avant regularly collects or attempts to collect debts, or that Avant was assigned the debt after it was in default.[1] In short, the Complaint does not contain any allegation about Avant meeting the FDCPA's definition of "debt collector." And as a servicer, Zelkowitz cannot add additional facts that Avant meets the "debt collector" definition. Accordingly, Zelkowitz's Complaint should be dismissed with prejudice.

### C.    Zelkowitz Failed to State an FDCPA Claim.

Finally, even if Avant was a debt collector, which it is not, Zelkowitz's FDCPA claim fails because the alleged event at issue—an auto-payment applied to Zelkowitz's valid debt—does not violate the FDCPA.

The Complaint fails to identify under what specific provision of the FDCPA Zelkowitz's claim purportedly arises, but the most likely candidates are Section 1692e and 1692f. Section 1692e prohibits "false, deceptive, or misleading representation[s] or

---

[1] Zelkowitz's allegations preclude this possibility. Zelkowitz's issue is that Avant purportedly withdrew the scheduled automatic payment without consent, meaning the debt was not in default. *See Goodman v. Coronado Student Loan Trust*, 2022 WL 4000223, at *3 (D. Minn. Sept. 1, 2022) (dismissing FDCPA claim against student loan servicer and noting that "courts repeatedly distinguished between a debt that is in default and a debt that is merely outstanding, emphasizing that only after some period of time does an outstanding debt go into default") (internal citation omitted).

means" in connection with collection of any debt, and identifies sixteen categories of conduct that may fit that definition, none of which are analogous to the facts alleged here. 15 U.S.C. § 1692e. Similarly, Section 1692f prohibits unfair or unconscionable means to collect any debt. 15 U.S.C. § 1692f. That provision identifies eight categories of conduct constituting unfair practices, all of which are also distinguishable from the facts at issue here.

When a Plaintiff fails to allege a specific FDCPA violation or cite a specific section, the court should dismiss the claim. *See Hasan v. Bank of Am., N.A.*, 667 Fed. App'x 562, 563 (8th Cir. 2016) (affirming dismissal of "boilerplate allegations [that] do not describe a specific act that violated the specific provisions of the FDCPA"); *Gomez v. Marketplace Home Mortg., LLC*, 2012 WL 12895636, at *5 (D. Minn. Nov. 2, 2012) (denying leave to assert FDCPA claim as futile because the complaint "failed to allege . . . the specific section or sections of the FDCPA they believe Defendants violated that would give rise to a cause of action"); *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 769-70 (E.D. Pa. 2012) (dismissing FDCPA claim where Plaintiff failed to link alleged violation of the FDCPA to the predicate factual allegations). The mere act of processing a scheduled auto-payment is not conduct that supports an FDCPA violation, and neither Avant nor the Court is required to guess on which provision of the FDCPA Zelkowitz intends to rely.[2]

---

[2] Further, while Avant and the Court are required to accept as true Zelkowitz's well-pleaded allegations for purposes of this Rule 12 motion, those allegations are factually meritless. If this case proceeds to discovery (which it should not), WebBank and Avant will establish that Zelkowitz failed to cancel his existing scheduled auto-payments when he unenrolled in auto-pay, and, pursuant to the valid and binding terms of Avant's auto-pay program, Zelkowitz's next payment was properly applied. In other words, while Zelkowitz may

## V.    CONCLUSION

For the foregoing reasons, Avant respectfully requests that the Court dismiss Zelkowitz's Complaint, with prejudice, and award Avant all further relief that the Court deems just and proper.

---

have canceled his auto-pay enrollment, he did not cancel the scheduled payment at the time.

Dated: July 17, 2025               Respectfully submitted,


By: /s/ Daniel P. Jackson
_____

Daniel P. Jackson (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Joshua D. Elliott (admitted *pro hac vice*)

**VEDDER PRICE PC**
222 North LaSalle Street
Chicago, IL 60601
Tel:  (312) 609-7500
Fax:  (312) 609-5005
djackson@vedderprice.com
jreinisch@vedderprice.com
jelliott@vedderprice.com


Michael J. Steinlage (0241143)

**Larson King, LLP**
2800 Wells Fargo Place
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Tel:  (651) 312-6500
Fax:  (651) 789-4820
msteinlage@larsonking.com


*Counsel for Defendants Avant, LLC and WebBank*

9

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, a true and correct copy of the foregoing was delivered via U.S. Mail to the following:

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, MN 55904

Respectfully submitted,

/s/ Daniel P. Jackson

Daniel P. Jackson

10