UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRED MICHAEL ZELKOWITZ,

        Plaintiff,

    v.

AVANT, LLC and WEBBANK,

        Defendants.

Case No. 25-cv-850-SRN/DLM

**DEFENDANT WEBBANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

---

Defendant WebBank, through the undersigned counsel, for its Memorandum in Support of its Motion to Dismiss, states as follows:

## I.   INTRODUCTION

Plaintiff Fred Michael Zelkowitz ("Zelkowitz") asserts a one-count complaint ("Complaint") under the Fair Debt Collections Practice Act ("FDCPA") alleging that Avant continued to process "auto-pay" payments on Zelkowitz's account after he allegedly discontinued his enrollment in the auto-pay program.  On that allegation alone, Zelkowitz seeks $25 in actual damages (representing the payment that was allegedly credited from his checking account and applied to his outstanding debt) and an inexplicable $100,000 in punitive damages.

The Complaint must be dismissed against WebBank because there is not a single allegation against WebBank for conduct that could give rise to an FDCPA claim.  The factual allegations of the Complaint total five sentences and do not contain any act or omission by WebBank.  And even if that violation of Rule 8 was excused, Zelkowitz's

allegations fail to state a claim because WebBank is not a "debt collector" under the FDCPA, and Zelkowitz has not adequately alleged a violation of a specific provision of the FDCPA. The Complaint should be dismissed, and, because no amendment could cure the defects that compel dismissal, it should be dismissed with prejudice.

## II.    THE ALLEGATIONS

Zelkowitz alleges that he obtained an "Avant credit card issued by WebBank" on which he carried a valid outstanding debt. (Compl. ¶ 7.) While that balance was "previously paid on a monthly basis via auto-pay," Zelkowitz alleges that he "discontinued auto-pay" on his Avant account because he lacked sufficient funds. (*Id.*) The Complaint contains no factual detail or explanation of how Zelkowitz allegedly discontinued his auto-pay. Nevertheless, Zelkowitz alleges that Avant "accessed [his] checking account without authorization and withdrew funds" to timely pay his outstanding balance in February 2025. (*Id.*) The Complaint also contains no allegations implicating WebBank in those alleged events. On the basis of those manifestly insufficient allegations, Zelkowitz asserts an FDCPA claim against both Avant and WebBank.

## III.    LEGAL STANDARD

Under FED. R. CIV. P. 12(b)(6), pleadings asserting a claim for relief "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant [or third-party defendant] is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements

2

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A pleader's obligation to allege the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. Consequently, the federal standard for pleading a claim "demands more than an unadorned the-defendant-harmed-me accusation" and a complaint is deficient if it offers mere "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 555, 557.

## IV.    ARGUMENT

### A.    The Complaint Contains No Allegations Against WebBank.

Zelkowitz's Complaint must be dismissed against WebBank because it does not state any claim against WebBank. In fact, it contains no allegations of alleged conduct by WebBank, whatsoever. The only allegation against WebBank in the Complaint is that WebBank issued Zelkowitz's credit card. (Compl. ¶ 7.) However, the alleged conduct that gives rise to Zelkowitz's claim, including the purported disabling of auto-pay through Avant, the alleged withdrawal of funds from his account by Avant, and his alleged discussions with Avant about that transaction, have nothing to do with WebBank. (*Id.*) The Complaint does not comply with the pleading requirements of Federal Rule of Civil Procedure 8 and fails to state a claim against WebBank upon which relief can be granted. Accordingly, dismissal is warranted. *See, e.g., Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)) (affirming dismissal of defendants who were "merely listed . . . as defendants in [the] complaint"

where the plaintiff "did not allege they were personally involved" in the alleged conduct giving rise to the claim).

**B.      The Complaint Fails to State a Claim Against WebBank Because WebBank is not a Debt Collector Under the FDCPA.**

"The FDCPA imposes civil liability only on a 'debt collector,' 15 U.S.C. § 1692k(a), defined as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Nagle v. Little*, 2025 WL 1651104, at *2 (D. Minn. June 11, 2025) (quoting 15 U.S.C. § 1692a(6)).   However, an originator of a debt is expressly excluded from the definition of "debt collector" in the Act. 15 U.S.C. § 1692(a)(6); *see also Glover v. Hochschild*, 2023 WL 4828135, at *3 (D. Minn. July 27, 2023) (quoting *Thulin v. EMC Mortg. Corp.*, 2007 WL 3037535, at *5 (D. Minn. Oct. 16, 2007) ("It is well-established that "debt collectors" within the meaning of the FDCPA "does not include the consumer's creditors . . . '"").  "If a defendant 'is not a debt collector for purposes of the FDCPA, the statute does not apply.'" *Nagle*, 2025 WL 1651104, at *2.

Zelkowitz's FDCPA claim fails because Zelkowitz does not and cannot allege that WebBank is a "debt collector" under the FDCPA.  Zelkowitz alleges that WebBank is the entity that "issued" his credit card, which necessarily means that WebBank is an originator of the debt and expressly excluded from the definition of "debt collector" under Section 1692(a)(6).  Zelkowitz also cannot attempt to characterize WebBank as a "debt collector" because the Complaint contains *no* allegations that WebBank's principal purpose is to

4

collect debts or that WebBank regularly collects or attempts to collect debts. In fact, the Complaint does not allege that WebBank did anything at all.

It is therefore no surprise that courts regularly hold that WebBank is not a debt collector under the FDCPA. *See, e.g.*, *Trenton v. Experian*, 2023 WL 2538791, at *4 (D.N.M. Mar. 16, 2023) (dismissing FDCPA claim against WebBank because WebBank is not a "debt collector"); *Parker v. WebBank*, 2021 WL 4129350, at *1 (D.S.C. Sept. 10, 2021) (adopting magistrate's recommendation that FDCPA claims against WebBank be dismissed because WebBank does not qualify as a "debt collector"). The Complaint must be dismissed on that basis. *See Glover*, 2023 WL 4828135, at *3 (dismissing FDCPA claim against Discover because Discover was not a debt collector); *Lloyd v. TD Bank USA NA CO Target Enter., Inc.,* 2023 WL 4561226, at *5 (D. Minn. July 17, 2023), *aff'd*, 23-3079, 2024 WL 706844 (8th Cir. Feb. 21, 2024) ("Because TD Bank is a creditor collecting its own debts, and not a debt collector under the Act, the Act does not apply."); *Owens v. US Bank Corp.*, 2013 WL 3353937, at *3 (D. Minn. July 3, 2013) (recommending dismissal of FDCPA claim because "the pleading contain[ed] no allegation(s) and no facts . . . to support a contention that the defendant is a debt collector").

### C.    Zelkowitz Failed to State an FDCPA Claim.

Finally, even if WebBank was a debt collector (it is not), Zelkowitz's FDCPA claim fails because the alleged event at issue—an auto-payment applied to Zelkowitz's valid debt—is not violative of the FDCPA. The Complaint fails to identify under what specific provision of the FDCPA Zelkowitz's claim purportedly arises, but the most likely candidates are Section 1692e and 1692f. Section 1692e prohibits "false, deceptive, or

misleading representation[s] or means" in connection with collection of any debt, and identifies sixteen categories of conduct that may fit that definition, none of which are analogous to the facts alleged here. 15 U.S.C. § 1692e. Similarly, Section 1692f prohibits unfair or unconscionable means to collect any debt. 15 U.S.C. § 1692f. That provision identifies eight categories of conduct constituting unfair practices, all of which are also distinguishable from the facts at issue here.

When a Plaintiff fails to allege a specific FDCPA violation or cite a specific section, the court should dismiss the claim. *See Hasan v. Bank of Am., N.A.*, 667 Fed. App'x 562, 563 (8th Cir. 2016) (affirming dismissal of "boilerplate allegations [that] do not describe a specific act that violated the specific provisions of the FDCPA"); *Gomez v. Marketplace Home Mortg., LLC*, 2012 WL 12895636, at *5 (D. Minn. Nov. 2, 2012) (denying leave to assert FDCPA claim as futile because the complaint "failed to allege . . . the specific section or sections of the FDCPA they believe Defendants violated that would give rise to a cause of action"); *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 769-70 (E.D. Pa. 2012) (dismissing FDCPA claim where Plaintiff failed to link alleged violation of the FDCPA to the predicate factual allegations). The mere act of processing a scheduled auto-payment is not conduct that supports an FDCPA violation, and neither WebBank nor the Court is required to guess on which provision of the FDCPA Zelkowitz intends to rely.[1]

---

[1] Further, while WebBank and the Court are required to accept as true Zelkowitz's well-pleaded allegations for purposes of this Rule 12 motion, those allegations are factually meritless. If this case proceeds to discovery (which it should not), WebBank and Avant will establish that Zelkowitz failed to cancel his existing scheduled auto-payments when he unenrolled in auto-pay, and, pursuant to the valid and binding terms of Avant's auto-pay program, Zelkowitz's next payment was properly applied.

## V.    CONCLUSION

For the foregoing reasons, Defendant WebBank respectfully requests that the Court dismiss Zelkowitz's Complaint, with prejudice, and award WebBank all further relief that the Court deems just and proper.

Dated: July 17, 2025                Respectfully submitted,


By: /s/ Daniel P. Jackson

Daniel P. Jackson (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Joshua D. Elliott (admitted *pro hac vice*)

**VEDDER PRICE PC**
222 North LaSalle Street
Chicago, IL 60601
Tel:  (312) 609-7500
Fax:  (312) 609-5005
djackson@vedderprice.com
jreinisch@vedderprice.com
jelliott@vedderprice.com


Michael J. Steinlage (0241143)

**Larson King, LLP**
2800 Wells Fargo Place
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Tel:  (651) 312-6500
Fax:  (651) 789-4820
msteinlage@larsonking.com


*Counsel for Defendants Avant, LLC and WebBank*

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, a true and correct copy of the foregoing was delivered via U.S. Mail to the following:

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, MN 55904

Respectfully submitted,

/s/ Daniel P. Jackson

Daniel P. Jackson

8