# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Fred Michael Zelkowitz
      Plaintiff

vs.                                  Case No. 0:25-CV-00850-SRN-DLM

Avant, LLC/WebBank
      Defendants

---

## PLAINTIFF'S ARGUMENT AGAINST DEFENDANTS' MOTION TO DISMISS

I am Fred Michael Zelkowitz, the Plaintiff in the above-noted action, and file this argument against the Defendants' Motion to Dismiss this case in the United States District Court, District of Minnesota. I once again apologize for presenting my argument in the first person instead of the customary third person for court documents. I also apologize for any redundancy from my previous motion; I want to capture all aspects of my argument in this document comprehensively.

The Defendants' Motion to Dismiss this case lacks any supporting evidence to back the claims made in their motion. The Defendants rely on credibility and irrelevant case history to support all arguments made before the Court. I will argue the assertions made by the Defendants in their motion point by point here:

1. **LEGAL STANDARD**

   The Defendants claim that I did not present "factual content that allows the court to draw the reasonable inference that the defendant [or third-party defendant] is liable for the misconduct alleged" and "recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." That's not what the initial complaint described. It described the proper actions I took to prevent further autopay payments

**1**

to be taken out from my checking account by the Defendant Avant, LLC, yet they still withdrew funds without proper authorization.  That's not "inference", it's a statement of fact and is the basis for this case.  As for "further factual enhancement", additional information, context and "facts", they would be provided during pre-trial motions, discovery and the trial itself, once underway.  Attached as Exhibit 2 is a screenshot of the Avant credit card website to prove I did turn off the autopay feature.  As for their assertion that my original complaint did no more than claim "an unadorned the-defendant-harmed-me accusation", I included with my Motion for a Summary Judgment (as Exhibit 1) a copy of my February 2025 Wells Fargo Bank statement to illustrate how my normal daily balance would have been greatly affected by unexpected debits to my checking account.

2. **THE COMPLAINT DOES NOT CONTAIN SUFFICIENT FACTS TO MEET RULE 8**

As previously stated, the original Complaint contains the entire issue against Avant, LLC, in a brief paragraph.  The following are statements of fact: 1) autopay was turned off in January 2025, 2) Avant, LLC, withdrew funds from my Wells Fargo account on February 4, 2025, therefore, 3) Avant, LLC, withdrew funds from my account without authorization.  Those are the facts necessary for the Complaint.   Additional evidence may be required for a criminal indictment, where the burden of proof is a much higher standard.  For a civil trial, the burden of proof is much lower.  The case example provided by the Defendants is irrelevant.  In my case, my assertions are supported by evidence.  Defendant Avant, LLC, is in possession of that evidence and would be produced during discovery.  That's the nucleus for Defendants' Motion for Dismissal…

they have the evidence and it supports my claim. That's where credibility becomes a high factor. The Defendants try to match their credibility against mine when they say I don't say "when" I discontinued the autopay feature. I will provide a timeline later in this argument. At this juncture, I merely point out that the Defendants' credibility is in question when they both question whether or not I did turn off autopay before the February 2025 payment was withdrawn from my checking account and definitively state that "he did not" at the bottom of page 4 of Defendants' Memorandum [26] without any supporting evidence. In a Motion to Dismiss, such evidence should be provided.

3. **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST AVANT BECAUSE AVANT IS NOT A DEBT COLLECTOR UNDER THE FDCPA**

I'm not implying Avant, LLC, or WebBank are "debt collectors" as defined in the FDCPA. What I am stating is that the Fair Debt Collection Practices Act (FDCPA) is not stand-alone legislation and not designed to supplant but supplement all prior legislation on the process of debt collection. Abiding by all existing laws is not only included in fair collection but fair business practice, as a rule. The Defendants violated the law by accessing my personal checking account and withdrawing funds without authorization. I'm not a government entity and cannot file criminal charges; I can only file civil litigation and Item IV Nature of Suit, 480 Consumer Credit on Form JS44 Civil Cover Sheet applied. As I stated, the FDCPA is not only for debt collectors when the issue is an all-encompassing "fair collection" issue. It's up to the Court to determine the circumstances since this is in violation of both criminal and civil conduct.

4. **ZELKOWITZ FAILED TO STATE AN FDCPA CLAIM**

In my original Complaint, I stated that the Defendant Avant, LLC, withdrew funds from my checking account without authorization. I didn't cite any FDCPA specific provision for this violation because: 1) general "fair collection" practices don't fall under any specific provision, and 2) the specific action taken is a criminal offense under Federal wire fraud charges, another item which doesn't have a specific reference in the FDCPA statute.

In a case where the preponderance of evidence dictates the outcome, this timeline of events might clarify where the credibility is more (at the risk of more redundancy) credible:

- On or about January 25, 2025, I logged onto the Avant website and turned off the autopay option on my credit card payment. This was the last time I logged onto the Avant website to perform any function or transaction on my account. All subsequent visits to the site were to confirm account status or to check account activity.

- On February 4, 2025, I discovered my checking account was debited $25.00 (twenty-five dollars) by Avant, LLC, without my authorization. I immediately logged back onto the Avant website and confirmed the autopay feature was turned off.

- On February 5, 2025, at 6:40 PM CST, I placed a call to Avant Customer Service (855-752-7012). I spoke with a representative and was told I could get the unauthorized "payment" reversed, but it would take 6-8 weeks (it may have been 4-6 weeks). I told him that timeframe was unacceptable and asked to speak with a supervisor. When a supervisor got on the line, I explained the situation and told him I expected the reversal to be "expedited"

without a specific timeframe.  He assured me it would be done.  The call was completed in 18 minutes 54 seconds.[1]

- On or about February 25, 2025, I noticed a credit did not appear on my Wells Fargo account. I logged onto the Avant website and noticed no activity on my credit account and realized there would be no credit applied to my account.  Even though my autopay still showed to be turned off, I didn't trust that my Wells Fargo account wouldn't be touched in the future. I realized I had to prepare litigation to ensure my financial security.

- On March 4, 2025, I submitted to this Court the original complaint against the Defendants that was officially filed on March 7, 2025.

- On March 19, 2025, at 2:40 PM CDT, I received a call from an unknown number.  I never answer calls from unknown numbers that don't have identifying caller information associated with them.  When I listened to the message, it was Daniel Jackson, attorney for the Defendants from VedderPrice PC.  I returned his call on March 20, 2025, at 12:26 PM CDT, got his voicemail, and left a message.[2]

- On March 20, 2025, at 1:29 PM CDT, Mr. Jackson returned my call and we spoke for the first time.  We discussed a number of issues of the case but primarily I stressed I preferred communications by email for keeping a record of communications as opposed to by phone. He agreed that was appropriate.  We spoke for 13 minutes 16 seconds.

---

[1] All call information was obtained from my old phone call log.  I have since changed phone service and don't have access to my old phone service provider website or phone call records for supporting documentation (I never received paper billing).  I can provide screenshots of my old phone screen if there's a question regarding credibility.

[2] I am including this email chain, as well as the phone call chain, for purposes of credibility and competence as well as timeline continuity and clarity.

- On April 8, 2025, at 10:32 AM CDT, Mr. Jackson called again.  He presented a settlement offer from his client and asked me to consider it.  The call lasted 2 minutes 59 seconds.  After pondering the offer, I called Mr. Jackson back at 11:44 CDT and got his voicemail.  I reminded him about communications in writing and told him to put the offer in writing so I could officially accept, decline or counter the offer.  I was ready to present a counter offer almost immediately.

- On May 5, 2025, at 10:08 AM CDT, after not hearing from Mr. Jackson, I called him again to remind him to put the offer in writing.  I got his voicemail again and left the message that it didn't have to be a formal written offer, just the major points in bullet-point format so I could address and/or accept and/or counter the offer point by point.

- On May 22, 2025, at 10:51 AM CDT, I received a call from Mr. Jackson, which I let go to voicemail.  I didn't want to get into a verbal confrontation regarding his blatant lack of consideration (or competence) to my request for written communication and especially the offer in writing.

- On May 23, 2025, at 10:42 AM CDT, Mr. Jackson called again and, once again, I let it go to voicemail.

- On May 24, 2025, at 3:25 PM CDT, I called Mr. Jackson (it was a Saturday, so I was sure to get his voicemail) to remind him of communications in writing and my specific request for the offer in writing.  It is for this reason I objected to the Defendants' request for a continuance.  The Defendants took almost two months to cooperate in their commitment; I was not compelled to capitulate.

- On May 27, 2025, at 3:00 PM CDT, I received an email from Michael Steinlage of Larson King, LLP, which included the written offer from the Defendants.

**6**

- On May 27, 2025, at 7:59 PM CDT, I responded to Mr. Steinlage with a counter offer and a request to respond back by June 6, 2025. I never received a response to my counter offer, another sign of lack of courtesy and/or professional procedure.

- On July 17, 2025, at 10:44 AM CDT, I received an email from Joshua Elliott of VedderPrice asking is I would agree to dismiss my claims or if I would oppose their motion to dismiss they were filing that day. I replied at 10:56 AM CDT that I am adamantly opposed.

- On July 17, 2025, at 6:55 PM CDT, I received an email from Mr. Elliott with copies of the Motions to Dismiss attached.

- On July 21, 2025, I filed my Motion for Summary Judgment in this case. That brings Your Honor up to date when the Court was fully involved without outside communication.

## CONCLUSION

As I've stated, without evidence, this preponderance of evidence case comes down to credibility. My credibility versus the Defendants' credibility. I provided everything I have to the Court and given the Court a full accounting of all the events in this case. If the Defendants didn't want this case, they had ample opportunity to avoid it. If the Defendants want this case dismissed, they could simply disprove my contentions by providing the evidence they possess. The problem to the Defendants *IS* the evidence because it supports my contentions, not theirs. The evidence the Defendants have is in the form of computer verification (when I actually turned off the autopay feature) and the recording of the phone call I made to Avant, LLC, on February 4, 2025, before I filed this lawsuit. Avant, LLC, violated not only my trust but the law, I gave them a chance to correct their violation, and now they want Your Honor to validate their misdeed. I simply ask Your Honor to deny Defendants' Motion to Dismiss my case.

Thank you, Your Honor, for your time and attention. I look forward to your decision.

## VERIFICATION AND ACKNOWLEDGMENT

1. I have read this document.  To the best of my knowledge, information and belief, the information contained in this document is well grounded in fact and is supported by existing law.

2. I have not been determined by any court in any state to be a frivolous litigant and I am not the subject of an Order precluding me from serving or filing this document.

3. I am not serving or filing this document for any improper purpose, such as to harass the other parties to cause delay or needless increase in the cost of litigation or to commit a fraud on the court.

4. I understand that if I am not telling the truth or if I am misleading the court or if I am serving or filing this document for an improper purpose, the court can order me to pay money to the other party, including the reasonable expenses incurred by the other party because of the serving or filing of this document, court costs and reasonable attorney's fees.

Signed this 21st day of August, 2025.

/s/ Fred Michael Zelkowitz
_____

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, Minnesota 55904
(507) 993-5521

**8**

EXHIBIT 2



# CERTIFICATE OF COMPLIANCE

This document was prepared using Microsoft Word software and contains 2,225 words.

This complies with all Federal guidelines for this document.

Respectfully submitted, on this date, the 21st of August, 2025.

/s/ Fred Michael Zelkowitz

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, Minnesota 55904
(507) 993-5521

# CERTIFICATE OF SERVICE

I do hereby certify that the following were duly served with a true and correct copy of this

document on this date, August 21, 2025, via U.S. Mail to the addresses listed:

Daniel P. Jackson
Jonathon P. Reinisch
Joshua D. Elliott
**VedderPrice PC**
222 North LaSalle Street
Chicago, Illinois 60601

Michael J. Steinlage (Waiver of Service on file with the Court, copy not sent)
**Larson King, LLP**
2800 Wells Fargo Place
30 East Seventh Street, Suite 2800
St. Paul, Minnesota 55101


Respectfully submitted,


/s/ Fred Michael Zelkowitz
_____

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, Minnesota 55904
(507) 993-5521