UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRED MICHAEL ZELKOWITZ,

      Plaintiff,

      v.

AVANT, LLC and WEBBANK,

      Defendants.

Case No. 25-cv-850-SRN/DLM

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Defendants Avant, LLC and WebBank ("Defendants"), through the undersigned counsel, for their memorandum in opposition to Plaintiff's motion for summary judgment, state as follows:

## I.    INTRODUCTION

With Defendants' motions to dismiss still pending, and before any discovery has occurred, Plaintiff Fred Michael Zelkowitz ("Zelkowitz") filed a motion titled "Motion for Summary Judgment in Favor of the Plaintiff." (ECF No. 36 (the "Motion" or "Mot.").) But despite that title, the Motion is not one for summary judgment, even under the most liberal interpretations reserved for *pro se* litigants. It is an incomplete and unavailing response to Defendants' pending motions to dismiss, in which Zelkowitz not only fails to put forth evidence that might entitle him to summary judgment, Zelkowitz *admits* that he has no such evidence. This case is still at the pleading stage, and Zelkowitz has not even *alleged* a valid claim under the Fair Debt Collections Practices Act ("FDCPA"), much less proven that he is entitled to judgment on each and every element of that claim. Zelkowitz

1

has utterly failed to satisfy his burdens under Rule 56, and the Motion should be summarily denied.

## II.    FACTUAL BACKGROUND

Because no discovery has occurred and there is no evidence presented in the Motion (which is alone a sufficient basis to deny the Motion), Defendants will summarize Zelkowitz's allegations to provide a brief background on the pending claim. Zelkowitz alleges that he obtained an "Avant credit card issued by WebBank" on which he carried a valid outstanding debt. (Compl. ¶ 7.) While that balance was "previously paid on a monthly basis via auto-pay," Zelkowitz alleges that he "discontinued auto-pay" on his account because he lacked sufficient funds. (*Id.*) The Complaint does not allege how or when Zelkowitz allegedly discontinued his auto-pay. Nevertheless, Zelkowitz alleges that Defendants "accessed [his] checking account without authorization and withdrew funds" to timely pay his outstanding balance in February 2025. (*Id.*) On these allegations alone, Zelkowitz asserts an FDCPA claim against both Avant and WebBank.

## III.    LEGAL STANDARDS

Summary judgment is appropriate "when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *RSA 1 Ltd. P'ship v. Paramount Software Assocs., Inc.*, 793 F.3d 903, 906 (8th Cir. 2015) (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record]…which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986).  In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986).

A court may grant summary judgment before discovery is completed.  *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig. v. Dow Chem. Co.*, 113 F.3d 1484, 1489–90 (8th Cir. 1997).  But if the failure to allow discovery "deprives the nonmovant of a fair chance to respond to the motion, however, summary judgment is not proper and will be reversed."  *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999).

## IV.    ARGUMENT

Zelkowitz's Motion should be denied out of hand because it is premature and not a proper motion under Rule 56.  If the Court is inclined to consider it, then the Motion should be denied because Zelkowitz has not met his burden at the summary judgment stage and the record does not support his FDCPA claim.

### A.    Zelkowitz's Motion is Premature.

Zelkowitz filed his Motion seeking "summary judgment" shortly after Defendants filed their timely Motion to Dismiss the Complaint.  (*See* ECF Nos. 24, 26, 29, 31.)  Neither Defendant has filed an answer, and the Motions to Dismiss remain pending.  Under these circumstances, a "motion for summary judgment" is premature and should be summarily denied. *See, e.g.*, *Armstrong v. Astrue*, 569 F. Supp. 2d 888, 895 (D. Minn. 2008) (denying motion for summary judgment that was filed after the "Defendant timely file a Motion to Dismiss, and [the Defendant] [was] prepared to defend this case on the merits.").

**B.      Zelkowitz's Motion is Not a Motion for Summary Judgment.**

Rule 56 permits a party to seek summary judgment by establishing that there is no genuine dispute as to any material fact relevant to the claim or defense on which the movant seeks summary judgment. That is not what Zelkowitz has filed. Instead, Zelkowitz has filed a quasi-response to Defendants' pending motions to dismiss and expressly seeks as relief in his Motion that the Court "reject the Defendants' Motion for Dismissal." (Mot. at p. 3; *see also* Mot. at p. 1 (arguing that Defendants' dismissal arguments are insufficient); Mot. at pp. 2-3 (same).) Zelkowitz has not attempted to satisfy (much less succeeded in satisfying) his burden of establishing the absence of any factual issues. *See Wald v. Morris, Carlson & Hoelscher, P.A.*, 2010 WL 4736829, at *2 (D. Minn. Nov. 16, 2010) ("The party seeking summary judgment has the burden of showing the absence of a genuine issue of material fact"). There is no evidence cited in the Motion (because, as explained below, the record has not yet been developed through discovery), no analysis of the elements of his claim on which Zelkowitz seeks summary judgment, and no inferences that can be drawn in Zelkowitz favor. The Motion is simply a naked plea for a ruling in Zelkowitz's favor.

In fact, Zelkowitz repeatedly concedes in his Motion that he is *not* entitled summary judgment. Zelkowitz admits that he "[does not] have evidence to support [his] claim," concedes his "lack of proof," and suggest that discovery may shed light on the facts that he hopes might support his claim. (Mot. at pp. 1, 3.) Without "evidence" or "proof," there can be no summary judgment in Zelkowitz's favor.

Accordingly, the Motion for Summary Judgment should be stricken or denied out of hand, and Zelkowitz can re-assert his arguments against dismissal in his response to

4

Defendants' pending motions to dismiss, which is due to be filed by Zelkowitz by August 21, 2025. (ECF No. 37.)

**C.    Zelkowitz Cannot Prove an FDCPA Claim Against Avant.**

Finally, in an abundance of caution, Zelkowitz is also not entitled to summary judgment in his favor because he has not established the FDCPA's elements. Zelkowitz's sole claim hinges on his allegation that Defendants purportedly withdrew funds for his February 2025 payment without authorization. (Compl. ¶ 7.) As outlined in Defendants' motions to dismiss, to prevail on an FDCPA claim, Zelkowitz must plead (1) he has been the object of collection activity arising from a consumer debt, (2) Defendants are debt collectors as defined by the FDCPA, and (3) Defendants engaged in an act or omission prohibited by the FDCPA. *See Klein v. Stewart Zlimen & Jungers, Ltd.*, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019) (recognizing elements in line with other Circuits and courts within the Eighth Circuit). Zelkowitz cannot prove these elements.

        *1.    Zelkowitz's FDCPA Claim Fails Because Defendants Are Not Debt Collectors.*

"The FDCPA imposes civil liability only on a 'debt collector,' 15 U.S.C. § 1692k(a), defined as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Nagle v. Little*, 2025 WL 1651104, at *2 (D. Minn. June 11, 2025) (quoting 15 U.S.C. § 1692a(6)). However, expressly excluded from the definition of "debt collector" are the consumer's creditor, assignees of a debt as

long as the debt was not in default at the time it was assigned, and critical to Avant, servicers. *See Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1008-09 (D. Minn. 2008) (dismissing FDCPA claim against mortgage servicer because it did not meet the FDCPA's "debt collector" definition); *Glover v. Tigani*, 666 F. Supp. 3d 896, 901-02 (D. Minn. 2023) (dismissing FDCPA claim with prejudice against auto loan servicer because it was not a "debt collector" under the FDCPA); *Russ v. U.S. Dep't of Ed.*, 364 F. Supp. 3d 1009, 1017 (D. Neb. 2018) (dismissing FDCPA claim against student loan servicer because it is not a "debt collector" under the FDCPA). "If a defendant 'is not a debt collector for purposes of the FDCPA, the statute does not apply.'" *Nagle*, 2025 WL 1651104, at *2.

Zelkowitz is not entitled to judgment as a matter of law because Defendants are not "debt collectors" under the FDCPA, a fact with which Zelkowitz now agrees. (Mot. ¶ 3 (advocating that the Court treat his claim as one advocating for extending the FDCPA to include creditors).) The record lacks any allegation or evidence that either Defendants' principal purpose is to collect debts, that Defendants regularly collect or attempt to collect debts, or that Defendants were assigned the debt after it was in default. In short, by any definition, and by Zelkowitz's own admission, Defendants are not "debt collectors" pursuant to the FDCPA, and Zelkowitz is not entitled to summary judgment.

  2. *Zelkowitz's FDCPA Claim Fails Because Defendants Have Not Engaged in an Act Prohibited by the FDCPA.*

Even if Defendants were debt collectors, which they are not, Zelkowitz's FDCPA claim fails because the alleged event at issue—an auto-payment applied to Zelkowitz's valid debt—does not violate the FDCPA.

As outlined in Defendants' motions to dismiss, the Complaint does not identify any specific FDCPA provision that Avant purportedly violated.  Courts routinely dismiss claims where a plaintiff does not allege a violation of a specific FDCPA provision.  *See Hasan v. Bank of Am., N.A.*, 667 Fed. App'x 562, 563 (8th Cir. 2016) (affirming dismissal of "boilerplate allegations [that] do not describe a specific act that violated the specific provisions of the FDCPA"); *Gomez v. Marketplace Home Mortg., LLC*, 2012 WL 12895636, at *5 (D. Minn. Nov. 2, 2012) (denying leave to assert FDCPA claim as futile because the complaint "failed to allege . . . the specific section or sections of the FDCPA they believe Defendants violated that would give rise to a cause of action"); *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 769-70 (E.D. Pa. 2012) (dismissing FDCPA claim where Plaintiff failed to link alleged violation of the FDCPA to the predicate factual allegations).  Because Zelkowtiz has not proved a provision of the FDCPA that Defendants violated, he is not entitled to judgment as a matter of law.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Zelkowitz's Motion.

Dated: August 21, 2025       Respectfully submitted,


By: /s/ Daniel P. Jackson

Daniel P. Jackson (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Joshua D. Elliott (admitted *pro hac vice*)

**VEDDER PRICE PC**
222 North LaSalle Street
Chicago, IL 60601
Tel: (312) 609-7500
Fax: (312) 609-5005
djackson@vedderprice.com
jreinisch@vedderprice.com
jelliott@vedderprice.com


Michael J. Steinlage (0241143)

**Larson King, LLP**
2800 Wells Fargo Place
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 789-4820
msteinlage@larsonking.com


*Counsel for Defendants Avant, LLC and WebBank*

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that notice of such filing was electronically served upon the following:

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, MN 55904

Respectfully submitted,

/s/ Daniel P. Jackson

Daniel P. Jackson