UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRED MICHAEL ZELKOWITZ,

      Plaintiff,

    v.

AVANT, LLC and WEBBANK,

      Defendants.

Case No. 25-cv-850-SRN/DLM

**DEFENDANTS AVANT, LLC'S AND WEBBANK'S REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS**

---

Defendants, Avant, LLC ("Avant") and WebBank, through the undersigned counsel, for their joint[1] reply in support of their respective motions to dismiss, state as follows:

## I.    INTRODUCTION

Plaintiff Fred Michael Zelkowitz's ("Plaintiff" or "Zelkowitz") "Argument Against Defendants' Motion to Dismiss" (ECF No. 39, the "Response") confirms what was already clear from the face of the Complaint: Plaintiff has no actionable FDCPA claim. In multiple filings since Defendants filed their motions to dismiss, Plaintiff has conceded that neither Avant nor WebBank qualifies as a "debt collector" under the FDCPA, and thus there can be no FDCPA liability for either. Plaintiff has further conceded that no provision of the FDCPA contemplates or provides a right of action for the alleged conduct at issue in this

---

[1] Avant and WebBank each filed separate motions to dismiss Plaintiff's Complaint. However, because Plaintiff filed a single omnibus response to both motions, Defendants will jointly reply to that response.

case. Because Plaintiff has not stated, and cannot state, an FDCPA claim against either Defendant, the Complaint should be dismissed with prejudice.

## II.    ARGUMENT

### A.    WebBank should be dismissed because there are no allegations of actionable conduct against it.

WebBank seeks dismissal because the Complaint not only fails to state a claim against WebBank, but it "contains no allegations of alleged conduct by WebBank, whatsoever." (ECF No. 31 at 3.) Plaintiff's Response is silent as to this argument, and in fact references "WebBank" *only once* in the entire brief. Conversely, the Response repeatedly argues that "Avant" took actions that Plaintiff contends gives rise to an FDCPA claim, all but confirming that this case never should have been brought against WebBank. Plaintiff waived this fatal pleading issue by failing to argue in response, and because the Complaint contains *no* allegations that could give rise to a claim against WebBank, WebBank should be dismissed with prejudice.

### B.    Plaintiff concedes that neither Avant nor WebBank are "debt collectors," and the FDCPA claim therefore fails as a matter of law.

Each Defendant moved to dismiss the Complaint because neither WebBank nor Avant is a "debt collector" as defined by the FDCPA. (ECF No. 26 at 5-6; ECF No. 31 at 4-5.) Plaintiff agrees. In several recent filings, Plaintiff has admitted that he is not alleging, and cannot allege, that either Avant or WebBank are "debt collectors." In his Response, Plaintiff states: "I'm not implying Avant, LLC, or WebBank are 'debt collectors' as defined in the FDCPA." (ECF No. 39 at 3.) Likewise, in his Reply in Support of his Motion for Summary Judgment, Plaintiff argued that Defendants are creditors, not debt collectors, but

2

that the FDCPA should provide him relief nonetheless.  (ECF No. 36 at 2-3.)  The parties are in violent agreement that Avant and WebBank are not "debt collectors," and that undisputed fact compels dismissal of the Complaint.

Plaintiff erroneously believes that he may pursue his FDCPA claim against two entities that he admits are not "debt collectors."  (ECF No. 39 at 3 (incorrectly arguing without authority that "the FDCPA is not only for debt collectors when the issue is an all-encompassing 'fair collection' issue.").)  To the contrary, "the FDCPA imposes civil liability only on a 'debt collector,'" as that term is defined in 15 U.S.C. § 1692k(a).  *See Nagle v. Little*, 2025 WL 1651104, at \*2 (D. Minn. June 11, 2025); ECF No. 26 at 5 (collecting cases); ECF No. 31 at 4 (collecting cases).  There is no alternate path to recovery for Plaintiff and the Complaint should be dismissed with prejudice on that basis, alone.

### C.      Plaintiff otherwise failed to state a claim for relief under the FDCPA.

Lastly, even if the Court were to excuse the requirement that Defendants qualify as "debt collectors" (which it cannot do), Plaintiff has not alleged conduct for which recovery is available under the FDCPA.  Defendants argued that dismissal was warranted because Plaintiff failed to identify under what specific provision of the FDCPA his claim purportedly arises.  (ECF No. 26 at 6; ECF No. 31 at 5.)  In response, Plaintiff admits that he cited no specific provision because *there is no provision* of the FDPCA that applies to his claims.  Plaintiff argues that he "didn't cite any FDCPA specific provision . . . because: 1) general 'fair collection' practices don't fall under any specific provision, and 2) the specific action taken is a criminal offense . . . which doesn't have a specific reference in the FDCPA."  (ECF No. 39 at 4.)  Thus, the parties agree on a second material issue: the

alleged conduct does not fit within any of the FDCPA's prohibitions, as Defendants explained with citations to those provisions in their respective motions to dismiss. (ECF No. 26 at 6-7; ECF No. 31 at 5-6.) The FDCPA simply does not apply to this dispute and the Complaint should be dismissed with prejudice.

Seemingly recognizing that his claim is insufficiently pleaded, Plaintiff concludes his Response by offering a nearly-four-page bulleted list of purported actions that Plaintiff took, or communications between Plaintiff and Avant.[2] (ECF No. 39 at 4-7.) This end-around the Complaint is entirely improper and cannot be considered under Rule 12 because *not one* of those alleged events was properly pleaded in the Complaint or referenced in an exhibit. (*See generally* ECF No. 1.) It is well settled both that the Court cannot consider allegations that are not within the four corners of the Complaint, and that a plaintiff cannot amend his complaint through a response to a motion to dismiss. *See Gadbois v. Arrow Int'l Inc.*, 2025 WL 756447, at *3 (D. Minn. Mar. 10, 2025) ("Generally, on a motion to dismiss, district courts are limited to the four corners of the complaint and any 'documents necessarily embraced by the complaint' without converting the motion into one for summary judgment"); *Madgett Law, LLC v. Pravati Capital, LLC*, 706 F. Supp. 3d 831, 838 n.8 (D. Minn. 2023) ("A plaintiff cannot amend its complaint by asserting factual allegations in its opposition brief."). The Court therefore cannot consider these new

---

[2] Plaintiff's purported summary also includes irrelevant, inaccurate, and disparaging comments about Defendants' counsel in the context of telephone communications related to settlement. All of that information should be disregarded as inadmissible and irrelevant.

4

allegations and they should be disregarded for purposes of ruling on Defendants' Rule 12(b) motions.

Regardless, those new "facts" do nothing to help Plaintiff's claim. The alleged actions and communications merely articulate the timeline of conduct relating to Plaintiff's alleged auto-pay dispute that Plaintiff agrees is not actionable under any specific provision of the FDCPA. Nothing in that bulleted list changes the conclusion that Avant and WebBank are not debt collectors, or that the FDCPA provides no relief for a dispute over whether an automated payment was properly applied to Plaintiff's account.

## III.    CONCLUSION

For the foregoing reasons, Avant and WebBank respectfully request that the Court dismiss Plaintiff's Complaint, with prejudice, and award Defendants all further relief that the Court deems just and proper.

Dated: September 2, 2025          Respectfully submitted,


By: /s/ Daniel P. Jackson

Daniel P. Jackson (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Joshua D. Elliott (admitted *pro hac vice*)

**VEDDER PRICE PC**
222 North LaSalle Street
Chicago, IL 60601
Tel:  (312) 609-7500
Fax:  (312) 609-5005
djackson@vedderprice.com
jreinisch@vedderprice.com
jelliott@vedderprice.com


Michael J. Steinlage (0241143)

**Larson King, LLP**
2800 Wells Fargo Place
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Tel:  (651) 312-6500
Fax:  (651) 789-4820
msteinlage@larsonking.com


*Counsel for Defendants Avant, LLC and WebBank*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, a true and correct copy of the foregoing

was delivered via U.S. Mail to the following:

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, MN 55904

Respectfully submitted,

/s/ Daniel P. Jackson

Daniel P. Jackson