# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Fred Michael Zelkowitz
     Plaintiff

vs.

         Case No. 0:25-CV-00850-SRN-DLM

Avant, LLC/WebBank
     Defendants

## REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I am Fred Michael Zelkowitz, the Plaintiff in the above-noted action, and file this Reply to the Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment in this case in the United States District Court, District of Minnesota. I once again apologize for presenting my argument in the first person instead of the customary third person.

## INTRODUCTION

The Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment should be dismissed in its entirety. It was filed after the deadline set by Your Honor. Court hours are from 8:00 AM to 4:30 PM CDT and the document was filed at 4:51 PM CDT, after Court hours (notification email is attached as Exhibit 3). Although the electronic system operates 24 hours a day and Your Honor gave the deadline "on or before August 21, 2025", I understand that to mean by close-of-business Federal Courthouse hours, in which case, by 4:30 PM CDT on August 21, 2025, as if the document was literally in the hands of the Court by C.O.B. on August 21st. Also, the statements made in the Certificate of Service are not true. The Clerk of the Court could not have been served on August 21, 2025, if the document was uploaded at 4:51 PM and the Court closes at 4:30 PM. I was also **NEVER** served, electronically or otherwise. It's mandatory that I

be served since I don't have a Waiver of Service on file and it's required that service be performed in a proper manner.  In person is preferred, U.S. Mail is acceptable, and email is used under certain conditions with the Court's approval.  Here, the Defendants use the term "electronically" as if to suggest to the Court it was delivered by email, but no email was ever delivered.  I believe the intention, in this case, of being "electronically" served is being notified by the same email attached as Exhibit 3, and then, I suppose, I have to download the document from the Civil Docket website myself.  That is not proper service by any definition.  For all the above reasons, the Defendants' Memorandum should be excluded from consideration.

However, I will address the Defendants' Memorandum here point by point in the event the Court will accept their document despite these issues.  In addition, I would like to strengthen my argument for Summary Judgment and not be penalized for the Defendants' lack of competence.

1.  **[Defendants'] Introduction**

    The Defendants begin by confusing "summary" judgment with "default" judgment.  It's unclear if this is intentional or true lack of expertise.  The Defendants are trying to convince the Court that a Summary Judgment can't be reached at this stage of a proceeding.  As the Court is well aware, a Summary Judgment can be filed and reached at any time during the proceedings.

2.  **Factual Background**

    Here the Defendants misrepresent many of the facts already stated in previous Court documents.  In my initial Complaint[1], I did not state I discontinued autopay because I "lacked sufficient funds."  I said I turned off autopay on many of my accounts because I

---

[1] Document #1 on Civil Docket For Case #0:25-CV-00850-SRN-DLM (hereafter noted as "Docket Website")

was suffering with "low-balance issues after the first of the year in my checking account". While I didn't specify the exact "how or when" I turned off the autopay feature, I specifically stated that I turned it off prior to my February 2025 payment and that the access of my checking account and removal of funds by Defendant Avant, LLC, was done without authorization.  How it was done is irrelevant.  In my Motion for Summary Judgment, I explained that it was approximately "10 days" prior to the payment being deducted from my account.  Instead of asking Your Honor to jump between documents, I'm attaching the timeline I prepared for my Reply to the Defendants' Motion to Dismiss[2] here as Exhibit 4.

### 3. Legal Standards

In determining adequacy for Summary Judgment, it's the same legal standard for finding a verdict in a regular trial.  The only difference is one side stops the clock and says, "I believe I've won, here's where we are, decide it with what we have."  Each Judge has their own interpretation of what is required for deciding each case on the merits of what is presented.  No case law can be used to fit this case.  As I've said all along, it's a matter of credibility of the two parties and competence on the part of the Defendants.  Both sides have spoken of lack of evidence… the Defendants have spoken about my lack of evidence produced; I've spoken about the Defendants' reluctance to produce evidence they possess.  It's up to Your Honor to determine if the credibility shown is enough to determine in this preponderance of evidence case where the balance of the scale leans.

### 4. [Defendants'] Argument

Again, Defendants confuse the difference between "summary" judgment and "default"

---

[2] Documents #24, #26 and #29 on Docket Website

judgment.  Their entire argument is based on Rule 59 which specifically describes, outlines and defines the rules associated with *default* judgments, not summary judgments.

a. **Zelkowitz's Motion is Premature**

The Defendants continue to push the false narrative that a Summary Judgment can't be early when it can actually be filed at any time.  The Defendants even cite a case where both a Motion to Dismiss and Motion for Summary Judgment are filed simultaneously, in hopes to confuse the issue.  Unlike my case, the Motion to Dismiss had merit and was granted and the Motion for Summary Judgment didn't and was denied.

b. **Zelkowitz's Motion is Not a Motion for Summary Judgment**

Again, Rule 56 does not apply and more confusion between "default" judgment and "summary" judgment.  One major statement I disagree with: I do not "repeatedly concede… [I am] not entitled summary judgment."  I only concede I don't have evidence to prove the date I turned off autopay, but that doesn't concede the case.  In a preponderance of evidence case, where no evidence is presented on either side, it comes down to credibility.  The Defendants keep insisting I don't have evidence; therefore, I have nothing.  That's not true.  I have my credibility with my account of what happened.  The Defendants claim I shouldn't be believed because I don't have the evidence to prove my account.  The Defendants HAVE the evidence; they can say definitively with PROOF when I turned off autopay but refuse to produce it.  Where is their credibility?  The Defendants argue about evidence but present none when they hold some.  They presented no evidence in support of their Motion

to Dismiss and no evidence against this Motion for Summary Judgment, just empty rhetoric.

c. **Zelkowitz Cannot Prove an FDCPA Claim Against Avant**

As I stated in my Reply to the Defendants' Motion to Dismiss[3], there are elements of the Fair Debt Collection Practices Act (FDCPA) I do not allege regarding the Defendants.  I do not contend that the Defendants are "debt collectors" as defined in the FDCPA.  I stated the Defendants violated "fair collection practices" and no specific section of the FDCPA.  You see, when I filled out the JS44 form, the Civil Cover Sheet, and checked box "480 Consumer Credit" under "Other Statutes", I could just as easily have checked box "370 Other Fraud" under "Torts / Personal Property" because of the actions taken by the Defendants.  When I logged onto the Avant website and turned off the autopay feature and the Defendants subsequently went into my checking account and removed funds without authorization, they committed wire fraud.  This "act" is not specifically prohibited by the FDCPA and, therefore, cannot be cited as such.

### PLAINTIFF'S ARGUMENT

I have stated an argument that I turned off autopay in January 2025 and supported that argument with a screenshot of the Avant website showing it was turned off.  The Defendants have argued that it was not turned off in January 2025 yet provided no evidence to the contrary even though they possess such evidence.  On February 4, 2025, the Defendants withdrew funds from my checking account without authorization.  I provided the evidence to support this claim (Exhibit 1 attached to Motion for Summary Judgment).  The Defendants do not deny making this

---

[3] Document #39 on Docket Website

withdrawal.  I have argued that I called Avant, LLC, on February 5, 2025, and requested they reverse the withdrawal, where Avant agreed to the reversal though they never followed through on that commitment.  The Defendants have never mentioned this call in any of their submittals even though they possess the evidence in the form of a recording.  I have argued that I have tried to settle this matter with the Defendants after filing my Complaint but the Defendants would not deal in good faith with delays and non-responses.

It's clear this case comes down to credibility and competence.  What evidence I have, I have provided to the Court.  I have supported every argument with facts, with dates and times, and every circumstance down to the letter.  The Defendants have provided nothing but false quotes from previous documents, misinterpretation of events, irrelevant case law, and (most importantly) no evidence, even though they possess critical information, some of which they haven't even acknowledged.  It's up to Your Honor to determine how much emphasis to put into their credibility and how much into their competence.  Your Honor can then decide if my Motion for Summary Judgment meets the burden of the preponderance of evidence needed to decide this case.

## CONCLUSION

I have presented a credible argument that the Defendants withdrew funds from my checking account without authorization and the Defendants have presented no evidence to contradict that argument though they have evidence in their possession.  As a result of the Defendants' act of wire fraud (at the very least a violation of 15 U.S. Code 1693e, which is part of the Consumer Credit Protection Act) and continuous actions of failing to work with me in a reasonable matter and the fact the Defendants have provided no evidence of any kind in response to my arguments in any of their submittals, I ask the Court to grant this Motion for Summary Judgment in favor of the Plaintiff.

As for damages, I trust Your Honor to make a fair settlement, given the circumstances. Even though the initial withdrawal was small, their actions were egregious and, because they were given multiple opportunities to settle this matter, I believe a sizable punitive amount should be in order, considering I would be entitled reimbursement for attorney's fees but I'm acting pro se. I would at least like my Avant credit card debt cleared with no damage to my credit rating plus something for all the trouble the Defendants put me through. Of course, I will accept whatever the Court decides with gratitude.

I appreciate Your Honor's time and attention in this matter and await your decision.

## VERIFICATION AND ACKNOWLEDGMENT

1. I have read this document. To the best of my knowledge, information and belief, the information contained in this document is well grounded in fact and is supported by existing law.

2. I have not been determined by any court in any state to be a frivolous litigant and I am not the subject of an Order precluding me from serving or filing this document.

3. I am not serving or filing this document for any improper purpose, such as to harass the other parties to cause delay or needless increase in the cost of litigation or to commit a fraud on the court.

4. I understand that if I am not telling the truth or if I am misleading the court or if I am serving or filing this document for an improper purpose, the court can order me to pay money to the other party, including the reasonable expenses incurred by the other party because of the serving or filing of this document, court costs and reasonable attorney's fees.

Respectfully submitted this 2nd day of September, 2025,

/s/ Fred Michael Zelkowitz

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, Minnesota 55904
(507) 993-5521

7

**M** **Gmail** ☐ **EXHIBIT 3** ☐  Fred Zelkowitz <fmzelko.legal@gmail.com>

## Activity in Case 0:25-cv-00850-SRN-DLM Zelkowitz v. Avant, LLC et al Memorandum in Opposition to Motion

1 message

**ecf-notice@mnd.uscourts.gov** <ecf-notice@mnd.uscourts.gov>      Thu, Aug 21, 2025 at 4:51 PM
To: mndecfnotifications@mnd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### U.S. District of Minnesota

### Notice of Electronic Filing

The following transaction was entered by Jackson, Daniel on 8/21/2025 at 4:51 PM CDT and filed on 8/21/2025

**Case Name:** Zelkowitz v. Avant, LLC et al
**Case Number:** 0:25-cv-00850-SRN-DLM
**Filer:** Avant, LLC
**Document Number:** 40

**Docket Text:**
**MEMORANDUM in Opposition re [36] First MOTION for Summary Judgment filed by Avant, LLC. (Attachments: # (1) LR7.1/LR72.2 Word Count Compliance Certificate)(Jackson, Daniel)**

**0:25-cv-00850-SRN-DLM Notice has been electronically mailed to:**

Daniel Jackson &nbsp &nbsp djackson@vedderprice.com, bchizewski@vedderprice.com, daniel-jackson-5444@ecf.pacerpro.com, ecfdocket@vedderprice.com

Fred Michael Zelkowitz &nbsp &nbsp fmzelko.legal@gmail.com

Jonathon P. Reinisch &nbsp &nbsp jreinisch@vedderprice.com, ecfdocket@vedderprice.com, jonathan-reinisch-1935@ecf.pacerpro.com

Joshua Elliott &nbsp &nbsp jelliott@vedderprice.com, ecfdocket@vedderprice.com, joshua-elliot-0509@ecf.pacerpro.com

Michael J Steinlage &nbsp &nbsp msteinlage@larsonking.com, delofson@larsonking.com

**0:25-cv-00850-SRN-DLM Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=8/21/2025] [FileNumber=9880554-0
] [c4f30bea4f98a193ed25ce68cb9fbca88907df3eed2f10d16c5c407daa8a2ca7e74
bad5d6f1062a3718dc6e40f71df3c05514245f2375bd1d8d49f103f112ece]]
**Document description:**LR7.1/LR72.2 Word Count Compliance Certificate

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=8/21/2025] [FileNumber=9880554-1
] [244b83c587e2653b84d90f8591ff119c652ee8cabe6b6c759274f102603ea020d06
5e635867b21848fe9c82676da58adec2a612ecbb18f4f8017b504061aa087]]

**8**

$$\boxed{\textbf{EXHIBIT 4}}$$

## CASE TIMELINE

- On or about January 25, 2025, I logged onto the Avant website and turned off the autopay option on my credit card payment. This was the last time I logged onto the Avant website to perform any function or transaction on my account. All subsequent visits to the site were to confirm account status or to check account activity.

- On February 4, 2025, I discovered my checking account was debited $25.00 (twenty-five dollars) by Avant, LLC, without my authorization. I immediately logged back onto the Avant website and confirmed the autopay feature was turned off.

- On February 5, 2025, at 6:40 PM CST, I placed a call to Avant Customer Service (855-752-7012). I spoke with a representative and was told I could get the unauthorized "payment" reversed, but it would take 6-8 weeks (it may have been 4-6 weeks). I told him that timeframe was unacceptable and asked to speak with a supervisor. When a supervisor got on the line, I explained the situation and told him I expected the reversal to be "expedited" without a specific timeframe. He assured me it would be done. The call was completed in 18 minutes 54 seconds.[1]

- On or about February 25, 2025, I noticed a credit did not appear on my Wells Fargo account. I logged onto the Avant website and noticed no activity on my credit account and realized there would be no credit applied to my account. Even though my autopay still showed to be turned off, I didn't trust that my Wells Fargo account wouldn't be touched in the future. I realized I had to prepare litigation to ensure my financial security.

---

[1] All call information was obtained from my old phone call log. I have since changed phone service and don't have access to my old phone service provider website or phone call records for supporting documentation (I never received paper billing). I can provide screenshots of my old phone screen if there's a question regarding credibility.

- On March 4, 2025, I submitted to this Court the original complaint against the Defendants that was officially filed on March 7, 2025.

- On March 19, 2025, at 2:40 PM CDT, I received a call from an unknown number. I never answer calls from unknown numbers that don't have identifying caller information associated with them. When I listened to the message, it was Daniel Jackson, attorney for the Defendants from VedderPrice PC. I returned his call on March 20, 2025, at 12:26 PM CDT, got his voicemail, and left a message.

- On March 20, 2025, at 1:29 PM CDT, Mr. Jackson returned my call and we spoke for the first time. We discussed a number of issues of the case but primarily I stressed I preferred communications by email for keeping a record of communications as opposed to by phone. He agreed that was appropriate. We spoke for 13 minutes 16 seconds.

- On April 8, 2025, at 10:32 AM CDT, Mr. Jackson called again. He presented a settlement offer from his client and asked me to consider it. The call lasted 2 minutes 59 seconds. After pondering the offer, I called Mr. Jackson back at 11:44 CDT and got his voicemail. I reminded him about communications in writing and told him to put the offer in writing so I could officially accept, decline or counter the offer. I was ready to present a counter offer almost immediately.

- On May 5, 2025, at 10:08 AM CDT, after not hearing from Mr. Jackson, I called him again to remind him to put the offer in writing. I got his voicemail again and left the message that it didn't have to be a formal written offer, just the major points in bullet-point format so I could address and/or accept and/or counter the offer point by point.

- On May 22, 2025, at 10:51 AM CDT, I received a call from Mr. Jackson, which I let go to voicemail. I didn't want to get into a verbal confrontation regarding his blatant lack of

consideration (or competence) to my request for written communication and especially the offer in writing.

- On May 23, 2025, at 10:42 AM CDT, Mr. Jackson called again and, once again, I let it go to voicemail.

- On May 24, 2025, at 3:25 PM CDT, I called Mr. Jackson (it was a Saturday, so I was sure to get his voicemail) to remind him of communications in writing and my specific request for the offer in writing. It is for this reason I objected to the Defendants' request for a continuance. The Defendants took almost two months to cooperate in their commitment; I was not compelled to capitulate.

- On May 27, 2025, at 3:00 PM CDT, I received an email from Michael Steinlage of Larson King, LLP, which included the written offer from the Defendants.[2]

- On May 27, 2025, at 7:59 PM CDT, I responded to Mr. Steinlage with a counter offer and a request to respond back by June 6, 2025. I never received a response to my counter offer, another sign of lack of courtesy and/or professional procedure.

- On July 17, 2025, at 10:44 AM CDT, I received an email from Joshua Elliott of VedderPrice asking is I would agree to dismiss my claims or if I would oppose their motion to dismiss they were filing that day. I replied at 10:56 AM CDT that I am adamantly opposed.

- On July 17, 2025, at 6:55 PM CDT, I received an email from Mr. Elliott with copies of the Motions to Dismiss attached.

- On July 21, 2025, I filed my Motion for Summary Judgment in this case. That brings Your Honor up to date when the Court was fully involved without outside communication.

---

[2] I am including this email chain, as well as the phone call chain, for purposes of credibility and competence as well as timeline continuity and clarity.

11

# CERTIFICATE OF COMPLIANCE

This document was prepared using Microsoft Word software and contains 2,007 words.

This complies with all Federal guidelines for this document.

Respectfully submitted, on this date, the 2nd of September, 2025,

/s/ Fred Michael Zelkowitz

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, Minnesota 55904
(507) 993-5521

## CERTIFICATE OF SERVICE

Waivers of Service are on file with the Court for all Defendants in this case.  Defendants

were notified electronically upon filing by the CM/ECF system for downloading availability from

Civil Docket website.

Daniel P. Jackson
Jonathon P. Reinisch
Joshua D. Elliott
**VedderPrice PC**
222 North LaSalle Street
Chicago, Illinois 60601

Michael J. Steinlage
**Larson King, LLP**
2800 Wells Fargo Place
30 East Seventh Street, Suite 2800
St. Paul, Minnesota 55101


Respectfully submitted,

/s/ Fred Michael Zelkowitz

Fred Michael Zelkowitz
102 2nd Street SE, Apt. #710
Rochester, Minnesota 55904
(507) 993-5521

13