UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fred Michael Zelkowitz,<br><br>Plaintiff,<br><br>v.<br><br>Avant, LLC, and WebBank.,<br><br>Defendants. | Case No. 25-CV-850 (SRN/DLM)<br><br><br><br>**ORDER** |

Fred Michael Zelkowitz, 102 2nd St., SE, Apt. #710, Rochester, MN 55904, Pro Se Plaintiff

Daniel Jackson, Jonathon Reinisch, and Joshua Elliott, Vedder Price P.C., 222 North LaSalle St., Ste. 2600, Chicago, IL 60601 for Avant, LLC; Michael J Steinlage, Larson King, LLP, 30 E. 7th St., Ste. 2800, St. Paul, MN 55101, for Defendants

___

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Dismiss [Doc. No. 24] filed by Defendant Avant, LLC ("Avant"), the Motion to Dismiss [Doc. No. 29] filed by Defendant WebBank, and the "First Motion for Summary Judgment" filed by Pro Se Plaintiff Fred Michael Zelkowitz [Doc. No. 36]. For the reasons set forth below, Defendants' motions are granted and Plaintiff's motion is denied as moot.

### I.  BACKGROUND

#### A.  Underlying Facts

Plaintiff Fred Michael Zelkowitz filed this civil action in March 2025 against Avant and WebBank. Mr. Zelkowitz asserts a single claim under the Fair Debt Collection

1

Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, related to "an Avant credit card issued by WebBank." (Compl. [Doc. No. 1] ¶¶ 4, 7.)  He alleges that he made monthly payments on his account's outstanding balance via autopay, a payment feature that automatically transferred funds from his checking account to Avant on a recurring basis. (*Id.* ¶ 7.)  Mr. Zelkowitz contends that at some point, he discontinued the use of autopay. (*Id.*)  He alleges that Avant nevertheless processed his February 2025 payment of $25 via autopay. (*Id.*)  Mr. Zelkowitz maintains that when he phoned Avant to request the reversal of the $25 payment, an Avant staff person agreed to reverse the funds. (*Id.*)  However, to date, Avant has not done so. (*Id.*)

Mr. Zelkowitz then filed this lawsuit, seeking the return of $25, as well as $100,000 in punitive damages "for both unauthorized access of funds and failure to deliver on the promise of immediately rectifying their fraudulent actions." (*Id.* at 4.)

**B.  Dispositive Motions**

**1.  Defendants' Arguments**

In lieu of filing answers to the Complaint, Defendants move for dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6).  Avant and WebBank contend that Plaintiff's FDCPA claim fails as a matter of law because they are not "debt collectors" under the statute. (Avant's Mem. Supp. Mot. to Dismiss [Doc. No. 26] at 5–6; WebBank's Mem. Supp. Mot. to Dismiss [Doc. No. 31] at 4–5.)  Even if they were debt collectors, they argue that accepting an autopayment applied to Zelkowitz's valid debt is not conduct violative of the FDCPA, and, as a more general matter, Mr. Zelkowitz fails to identify the provision of the FDCPA under which his claim arises. (Avant's Mem. Supp. Mot. to

2

Dismiss at 6–7; WebBank's Mem. Supp. Mot. to Dismiss at 5–6.) Defendants also invoke Federal Rule of Civil Procedure 8, which requires that a Complaint contain "a short and plain statement . . . showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8.) Avant argues that the Complaint fails to meet this standard, (Avant's Mem. Supp. Mot. to Dismiss at 2–4), and WebBank further contends that the Complaint fails to allege any actionable conduct against it. (WebBank's Mem. Supp. Mot. to Dismiss at 3–4.)

Mr. Zelkowitz responds that he is "not implying Avant [] or WebBank are 'debt collectors' as defined in the FDCPA." (Pl.'s Opp'n [Doc. No. 38] at 3.) Rather, he asserts that "the FDCPA is not stand-alone legislation and not designed to supplant[,] but [rather, to] supplement all prior legislation on the process of debt collection." (*Id.*) Mr. Zelkowitz contends that he has presented sufficient facts under Rule 8 by pleading that "(1) autopay was turned off in January 2025; (2) Avant, LLC, withdrew funds from my Wells Fargo account on February 4, 2025, therefore, (3) Avant, LLC withdrew funds from my account without authorization." (*Id.* at 2.)

2. **Plaintiff's Motion**

In Plaintiff's Summary Judgment Motion, he reiterates his previous arguments and adds some additional details, including dates and facts about his contacts with Defendants' representatives. (Pl.'s Mem. Supp. Mot. for Summ. J. [Doc. No. 36] at 1.) In addition, he concedes, "One thing is true in the Defendants' Motion to Dismiss: I don't have evidence to support my claim." (*Id.*) He contends that Defendants possess this information. (*Id.* at 1–2.)

3

In a joint memorandum in opposition to Mr. Zelkowitz's Summary Judgment Motion, Defendants argue that his motion is premature and should be summarily denied on this basis. (Defs.' Opp'n [Doc. No. 40] at 3.) Moreover, they argue that Mr. Zelkowitz's Summary Judgment Motion is actually an improper "quasi-response" to Defendants' pending motions. (*Id.* at 4.) On the merits, Defendants reiterate their arguments that Mr. Zelkowitz is not entitled to relief because he has not established the elements of an FDCPA claim, as Defendants are not "debt collectors" under the statute, nor have they engaged in any conduct prohibited by the FDCPA. (*Id*. at 5–7.)

In his Reply, Mr. Zelkowitz first presents procedural arguments concerning the timing and service of Defendants' opposition memorandum. (Pl.'s Reply [Doc. No. 42] at 1–2.) Substantively, Mr. Zelkowitz disputes that his Summary Judgment Motion is premature. (*Id.* at 4.) Again, he concedes that he lacks evidence to prove the date on which he "turned off autopay," but states that under a preponderance-of-the-evidence standard of proof, "it comes down to credibility." (*Id.* at 4.)

## II.    DISCUSSION

### A.  Rule 12 Standard of Review

When reviewing motions to dismiss under Rule 12(b)(6) , the Court must accept the facts alleged in the complaint as true, and view those allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. *See* Fed. R. Civ. P. 12(d).

4

The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

### B. "Debt Collectors" Under the FDCPA

The FDCPA, 15 U.S.C. § 1692 et seq., was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA regulates the collection of "debts" by "debt collectors" by regulating the number and type of contacts a debt collector may make with a debtor. In order to establish civil liability under the FDCPA, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; [and] (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Mayfield v. Portfolio Recovery Assocs., LLC*, 553 F. Supp. 3d 676, 683 (D. Minn. 2021).

The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

5

While the Court liberally construes the pleadings in Mr. Zelkowitz's favor under the Rule 12 standard of review, the Complaint fails to plead facts sufficient to establish that Defendants are "debt collectors" under the FDCPA. Instead, Mr. Zelkowitz simply suggests that WebBank was the originator of his credit card, and Avant was the servicer or creditor. (Compl. ¶ 7) ("I have an Avant credit card issued by WebBank.")

An originator of a debt like WebBank is excluded from the definition of "debt collector." 15 U.S.C. § 1692a(6)(F); *see also Trenton v. Experian*, No. 1:22-cv-00045-WJ-JHR, 2023 WL 2538791, at *4 (D.N.M. Mar. 16, 2023) (finding WebBank, as an originator of debt, was not liable under the FDCPA as a debt collector). Nor do any of the allegations in the Complaint allege actionable FDCPA violations against WebBank, which was not involved in receiving Mr. Zelkowitz's autopayments.

As to Avant, the Complaint fails to allege that Avant regularly attempts to collect debts owed to another, as required under the FDCPA's definition of "debt collector." 15 U.S.C. § 1692a(6). The FDCPA distinguishes between creditors and debt collectors, and does not generally regulate creditors unless they use a false name in the course of collecting a debt. *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005); 15 U.S.C. § 1692a(6). The general exclusion of creditors from the definition of "debt collector" is understandable "given that creditors already have a strong incentive to refrain from badgering their customers about overdue debts." *Mazzei v. Money Store*, 349 F. Supp. 2d 651, 658 (S.D.N.Y. 2004) (citing S. REP. NO. 95–382, at 2 (1977)). In processing Mr. Zelkowitz's February credit card payment via autopay, the Complaint merely alleges that Avant collected on a valid debt owed to it, using its own name to do so.

6

To the extent Avant is a loan servicer, loan servicers that begin servicing prior to default are not debt collectors under the FDCPA. *Glover v. Tigani*, 666 F. Supp. 3d 896, 902 (D. Minn. 2023) (finding that employees of company that serviced plaintiff's car loan, which was not in default, were not "debt collectors" under the FDCPA). There is no allegation here that Mr. Zelkowitz's credit card balance was in default or that Avant treated it as such.

Moreover, Mr. Zelkowitz actually agrees that neither WebBank nor Avant are "debt collectors" under the FDCPA. (Pl.'s Opp'n at 3.) His pleading therefore fails to meet a threshold requirement for a claim under the FDCPA, and under these facts, no amount of repleading will cure it, nor does Mr. Zelkowitz propose any such repleading. Also, under these facts, evidence obtained through discovery will not lead to a different result. Moreover, Mr. Zelkowitz's FDCPA claim cannot serve as a placeholder for other unidentified claims. Accordingly, the Court grants Defendants' Motions to Dismiss and dismisses the Complaint with prejudice.[1]

Because Defendants are entitled to dismissal, the Court need not address Plaintiff's premature Summary Judgment Motion, which largely repeats arguments made in opposition to Defendants' Motions to Dismiss. Therefore, the Court denies Plaintiff's Summary Judgment Motion as moot.

---

[1] Furthermore, the Court agrees with Defendants that the Complaint fails to cite a specific section of the FDCPA that Defendants allegedly violated.

Accordingly, based on the submissions and the entire file and proceedings herein,

**IT IS HEREBY ORDERED THAT**

1. Defendant Avant, LLC's Motion to Dismiss [Doc. No. 24] is **GRANTED** and Avant, LLC is **DISMISSED WITH PREJUDICE**.

2. Defendant WebBank's Motion to Dismiss [Doc. No. 29] is **GRANTED** and WebBank is **DISMISSED WITH PREJUDICE**.

3. Plaintiff's First Motion for Summary Judgment [Doc. No. 36] is **DENIED AS MOOT**.

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  November 20, 2025                s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge